**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Russell,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-08-8111-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court are Defendant United States' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Dkt.#14), and Plaintiff Gregory Russell's Request for Discovery Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, (Dkt.#17). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.　BACKGROUND**

Plaintiff, Gregory Russell, is an enrolled member of the Hualapai Indian Tribe. Plaintiff alleges that on May 21, 2006 he was stopped by Hualapai Nation Police Officer Francis Bradley, Jr. for driving recklessly on tribal land. Plaintiff claims that shortly after being placed in handcuffs at the scene of the arrest, Francis Bradley, Sr., Chief of Police of the Hualapai Nation Police Department, and father of the arresting officer, arrived at the scene. According to Plaintiff, officers Bradley, Jr. and Bradley, Sr. physically assaulted

1 Plaintiff before transporting him in a federal BIA vehicle to the Hualapai Nation Police headquarters. After arriving at police headquarters, Hualapai Nation Police Officer Brian Miller allegedly came out of the building to meet the incoming vehicle, which contained Plaintiff, two other detained individuals, Officer Bradley, Jr., and Chief Bradley, Sr. While in custody at the Hualapai Nation Police headquarters, Plaintiff claims that he was again physically assaulted, this time by Hualapai Nation police officers Bradley, Jr., Bradley, Sr., and Miller. Plaintiff subsequently filed suit in federal court against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680.

## II. LEGAL ANALYSIS

The FTCA sets forth when the United States waives its sovereign immunity and may be subject to a suit for monetary damages. See Berkovitz v. United States, 486 U.S. 531, 535 (1988). Specifically, the FTCA allows injured persons to sue for certain torts committed by federal employees while acting within the scope of their office or employment. See 28 U.S.C. § 1346. "The purpose of the [FTCA] is to provide a remedy to citizens injured by governmental negligence in circumstances in which the same act of negligence would impose liability under state law, but for governmental immunity." Kearney v. United States, 815 F.2d 535, 536 (9th Cir. 1986).

Under the intentional torts exception to the FTCA, the waiver of sovereign immunity effectuated by the Act extends only to suits for intentional torts such as assault, battery, false imprisonment, false arrest, malicious prosecution, and abuse of process, when conduct of law enforcement officers of the United States Government is implicated. See 28 U.S.C. 2680(h). Section 2680(h) defines an investigative or law enforcement officer of the United States as a person "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." As such, in the tribal context, courts have held that "[a]bsent the power to enforce federal law, tribal officers are not federal investigative or law enforcement officers." Trujillo v. United States, 313 F. Supp. 2d 1146, 1150 (D.N.M. 2003) (citing Dry v. United States, 235 F.3d 1249 (10th Cir. 2000)); see also Boney v. Valline, 597 F. Supp.

2d 1167,1176 (D. Nev. 2009) (stating that tribal law officers enforcing tribal laws against other tribal members were not furthering federal interests).

Public Law 93-638, enacted as the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), 25 U.S.C. §§ 450 et seq., permits tribes to enter into contracts with the Department of the Interior/Bureau of Indian Affairs to administer programs or services that would otherwise have been administered by the federal government when such an arrangement aids tribal self-determination. See Hopland Band of Pomo Indians v. Norton, 324 F. Supp. 2d 1067, 1070-71 (N.D. Cal. 2004). Under the ISDEAA and the subsequently enacted Indian Law Enforcement Reform Act of 1990 ("ILERA"), 25 U.S.C. 2801 et seq., "the BIA is authorized to delegate that responsibility to tribal police through a written contract and, once the contract is in place, through federal commissions called 'special law enforcement commissions' or 'SLECs' issued to individual tribal officers determined to be qualified on a case-by-case basis." Hopland Band of Pomo Indians, 324 F. Supp. 2d at 1068.

In the instant case, Defendant United States has presented evidence in the form of exhibits attached to its motion to dismiss showing that Hualapai Nation police officers Bradley, Jr., Bradley, Sr., and Miller, did not possess 'special law enforcement commissions' and that Plaintiff was arrested for violating tribal and not federal law. The exhibits consist of an affidavit from Selanhongva McDonald, BIA Special Agent in Charge of the Bureau of Indian Affairs Office of Justice Services in Phoenix, Arizona, as well a booking sheet from the Coconino County Detention Facility. In light of its factual submissions, Defendant claims that officers Bradley, Jr., Bradley, Sr., and Miller, cannot as a matter of law be classified as federal law enforcement officers within the meaning of §2680(h) of the FTCA, and that as a result, the sovereign immunity of the United States operates as a jurisdictional bar to Plaintiff's lawsuit. Defendant requests that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff responds by arguing that by submitting McDonald's affidavit and the Coconino County Detention Facility booking sheet, Defendant has referenced materials outside the scope of the pleadings. See Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993). In general, this Court is not permitted to go beyond the pleadings when ruling on a motion to dismiss made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id. However, when a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts . . .." Sizova v. National Inst. Of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002). Plaintiff argues that in the instant case, because the jurisdictional question is intertwined with the underlying merits of the suit, the Court ought to employ the standard applicable to a motion for summary judgment and permit him to engage in limited discovery on the factual issues that are necessarily raised by the jurisdictional question. Sizova v. National Inst. Of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002). Plaintiff argues that in the interest of fairness he a should be allowed to investigate whether the Unites States can be properly sued under the FTCA for the actions of tribal officers Bradley, Jr., Bradley, Sr., and Miller. Defendant argues in its reply brief that the exhibits conclusively demonstrate that the tribal officers at issue were not federally certified to enforce federal law, and any form of discovery would be futile.

The Court notes that in the interests of fairness Plaintiff should be provided with an opportunity to oppose the factual underpinnings of Defendant's dismissal motion by conducting limited discovery. The danger of prejudicing Defendants by permitting such discovery is remote at best. Once the period for this period of discovery ends, the Parties will be provided with the opportunity to file supplemental briefing on the issue of the Court's subject matter jurisdiction.

**Accordingly**,

**IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Dkt.#14).

**IT IS FURTHER ORDERED** granting in part Plaintiff's Request for Discovery Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Dkt.#17.)

**IT IS FURTHER ORDERED** permitting the Parties to engage in limited supplemental fact discovery to allow Plaintiff to oppose Defendant's dismissal motion.

**IT IS FURTHER ORDERED** that all discovery shall be completed by Monday, October 19, 2009.

**IT IS FURTHER ORDERED** that by Monday, November 2, 2009, Plaintiff shall file a supplemental response on the topic of the Court's subject matter jurisdiction. This brief shall be limited to no more than 7 pages in length. Defendant shall then have until Thursday, November 12, 2009 to file a supplemental reply, which shall also be limited to 7 pages in length.

DATED this 10th day of September, 2009.

_____
Mary H. Murguia
United States District Judge